**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FENIX CONSTRUCTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-546-GKF-FHM |
| ) | |
| SHELTERING PALMS- TULSA I, LLC; ) | |
| CAPMARK FINANCE, INC., f/k/a/ GMAC ) | |
| COMMERCIAL MORTGAGE ) | |
| CORPORATION; and THE UNITED STATES ) | |
| OF AMERICA *ex rel* DEPARTMENT OF ) | |
| HOUSING AND URBAN DEVELOPMENT; ) | |
| TULSA COUNTY *ex rel* TULSA COUNTY OF ) | |
| EQUALIZATION, and KEN YAZEL TULSA ) | |
| COUNTY ASSESSOR, and DENNIS SEMLER, ) | |
| TULSA COUNTY TREASURER; CONTRACT ) | |
| MAINTENANCE SERVICES, INC.; OSCAR ) | |
| SOTO d/b/a/ SOTO'S PAINTING; CASTROS'S ) | |
| CARPET CLEANING; CHARTER ) | |
| PROPERTIES, INC.; PECK'S PLUMBING AND ) | |
| DRAIN SERVICE, INC.; JOE SOTELO d/b/a/ ) | |
| SOTELO PAINTING; JOHN WILLS and ) | |
| WILLIAM'S PLUMBING AND DRAIN ) | |
| SERVICE, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss of defendant United States of America *ex rel* Department of Housing and Urban Development ("HUD") [Dkt. # 40]. In this motion, HUD contends that plaintiff's claim against HUD should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Subject matter jurisdiction involves a court's authority to hear a given type of case, *United States v. Morton*, 467 U.S. 822, 828 (1984), and may not be waived. *Radil v. Sanborn*

*Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.  *Id*.

In its Complaint, Fenix seeks to hold HUD jointly and severally liable "in the principle amount of $684,698.00" [Dkt. #2, ¶27].  Fenix argues that Congress has waived sovereign immunity for such a claim against HUD under the National Housing Act, 12 U.S.C. § 1702, and that by virtue of that waiver, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  However, neither 12 U.S.C. § 1702 nor 28 U.S.C. § 1331 vests this Court with subject matter jurisdiction over this claim.  *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 986 n.6 (9th Cir. 2006) ("where a case falls under Tucker Act jurisdiction, federal question jurisdiction cannot serve as an alternative basis for jurisdiction"); *Indus. Indem., Inc. v. Landrieu*, 615 F.2d 644, 647 (5th Cir. 1980) ("[§ 1702] is plainly no more than a waiver of sovereign immunity and requires another statute to grant jurisdiction").

The Tucker Act, 28 U.S.C. § 1491, grants the Court of Claims exclusive jurisdiction over Fenix's claims.  In *U.S. v. Adams*, 634 F.2d 1261, 1266 (10th Cir. 1980), the Tenth Circuit held that:

> with respect to contract actions against the United States, in which Congress has consented to suit under the Tucker Act, federal district courts and the Court of Claims have concurrent jurisdiction for claims under $10,000.00; however, only the Court of Claims has exclusive jurisdiction of claims over $10,000.00.

*Id.* (citing *Walker Field, Colo., Pub. Airport Auth. v. Adams*, 606 F.2d 290 (10th Cir. 1979)).  The Tenth Circuit recently reaffirmed this holding in *Robbins v. U.S. Bureau of Land Management*, 438 F.3d 1074, 1083 (10th Cir. 2006) (the Tucker Act limits jurisdiction for contract claims to the Court of Claims except in suits for less than $10,000.00).

Because this Court lacks subject matter jurisdiction over a contract claim against the United States for more than $10,000.00, the Motion to Dismiss of defendant HUD [Dkt. # 40] is hereby **GRANTED**.

**IT IS ORDERED** this 8th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma