**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FENIX CONSTRUCTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 06-CV- 546-GKF-FHM |
| SHELTERING PALMS-TULSA I, LLC, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | | |

## O P I N I O N   A N D   O R D E R

This matter comes before the court on the Government's Second Motion to Dismiss for Lack of Subject Matter Jurisdiction [Document No. 86]. For the reasons set forth below, the motion is denied.

This lawsuit is for amounts Plaintiff claims it is owed for work performed on an apartment complex rehabilitation project undertaken pursuant to the National Housing Act (12 U.S.C. §1701 *et seq.*). In 2004, Sheltering Palms as borrower and GMAC, as lender, executed a building loan agreement in the amount of $9,098,000.00, for construction on the Asbury Square Apartment complex located in Tulsa.. Sheltering Palms issued a mortgage on the property to GMAC. HUD insured the mortgage note. Plaintiff, Fenix Constructors, Inc. ("Fenix"), signed a construction contract with Sheltering Palms, and performed the construction work on the apartment complex. Plaintiff alleges it completed work on the Asbury Square Apartment project and submitted all proper documentation for final payment, but Sheltering Palms, HUD and GMAC failed to make final payment. Plaintiff alleges it is owed $684,698.00 for the work.

In its original Complaint [Document No. 2], Plaintiff named the United States of America *ex rel* HUD, and asserted claims against it, GMAC and Sheltering Palms for breach of contract, third party beneficiary, equitable lien, and *quantum meruit* (*Id.* ¶¶20-23). The Government filed a Motion to Dismiss [Document No. 40] pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. In orders dated August 9, 2007 [Document No. 49] and April 25, 2008 [Document No. 58], the court granted the Government's motion with respect to the contract claim, holding that under the Tucker Act, 28 U.S.C. §1491, the Court of Federal Claims has exclusive jurisdiction over contract claims against the government in excess of $10,000; but that Plaintiff's equitable claims appeared to be beyond the jurisdiction of the Court of Federal Claims and within the subject matter jurisdiction of the district court because they arose under federal common and statutory law. [Document No. 58, pp. 4-5]. The court directed plaintiff to file an Amended Complaint naming the Secretary of Housing and Urban Development rather than the United States as the proper party defendant. (*Id.* p. 5).

Plaintiff's Amended Complaint [Document No. 59] is the target of the Government's Second Motion to Dismiss [Document No. 86]. The government argues that no waiver of sovereign immunity has occurred under the National Housing Act, 12 U.S.C. §1702; therefore the equitable claims must be dismissed.

In order for a waiver of sovereign immunity to occur under the National Housing Act, two requirements must be fulfilled: first, the acts giving rise to the claim must have been authorized under the Act, and second, funds recovered in the action must not come from the United States Treasury but rather from funds committed to HUD . *United States v. Adams,* 634 F.2d 1261, 1265 (10th Cir. 1980). The Government asserts neither of these conditions has

2

been fulfilled.  Concerning the second requirement, the Government contends that HUD already paid the funds committed to insuring the project to GMAC, then sold the mortgage note and deposited the proceeds into the Treasury; therefore, HUD no longer has any funds that are committed to the project. [Document 86 at p. 5].

In its response [Document No. 90], Plaintiff asserts that as sponsor and guarantor of the Asbury Square project, HUD issued a commitment to insure the mortgage amount of $9,098,000 and GMAC only advanced approximately $8,400,000; thus, there are additional funds committed and allocated to this project. [Document No. 90, p. 6].  Further, it contends that the damages it seeks to recover from HUD represent monies specifically held back for work performed and accepted, together with approved change order work authorized by HUD.  (*Id.).*  Neither party has submitted any evidence concerning the source of funds.

Here, the Amended Complaint [Document No. 59] alleges HUD, Sheltering Palms and GMAC joined in a business venture to rehabilitate the apartment complex  pursuant to the purposes and authority established by the National Housing Act (12 U.S.C. §1701 *et seq.*), that jurisdiction and venue are proper pursuant to 28 U.S.C. §§1331, 2410, 1346 and 1402; and that HUD issued a commitment to insure the mortgage on the Asbury Square project, certified and approved the issuance of loaned funds to pay for the construction work being performed by Fenix, and directed GMAC to advance the necessary funds under the loan agreement to pay Fenix for the construction work. [*Id.*, ¶¶ 5, 6, 10, 14,, 16].  The Government has argued, but submitted no evidence,[1] that the recovery funds would come from the Treasury rather than HUD

---

[1]Unless the motion to dismiss is converted to a motion for summary judgment and evidentiary materials are submitted, the court must address the motion based upon the face of the pleadings.

committed funds.  Given the lack of evidence provided by the Government, the court finds that the allegations of the Amended Complaint are sufficient to withstand the Government's motion. *See Seaboard Finance Company v. Martin,* 244 F.2d 329, 331 (5th Cir. 1957); *Matos v. United States Department of Housing and Urban Development,* 995 F.Supp. 48, 49-50 (D.C. Conn. 1997).

Therefore, the Government's Second Motion to Dismiss for Lack of Subject Matter Jurisdiction [Document No. 86] must be denied.

IT IS SO ORDERED.

DATED this 29th day of October, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma